1  CHAD D. GREESON (SBN 251928)
   HELEN BRAGINSKY (SBN 282359)
2  LITTLER MENDELSON, P.C.
   Treat Towers, Suite 600
3  1255 Treat Boulevard
   Walnut Creek, CA  94597
4  Telephone:  925.932.2468
   Email:cgreeson@littler.com
5          hbraginsky@littler.com

6  Attorneys for Defendant
   SOLACIUM HOLDINGS LLC dba
7  EMBARK BEHAVIORAL HEALTH

8                UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  SERENITY SPINDEL, on behalf of herself and all others similarly situated, | CASE NO. |
| 11  | **DEFENDANT SOLACIUM HOLDINGS LLC DBA EMBARK BEHAVIORAL HEALTH'S NOTICE OF REMOVAL TO FEDERAL COURT** |
| 12  Plaintiff, | |
| 13  v. | |
| 14  SOLACIUM HOLDINGS LLC DBA EMBARK BEHAVIORAL HEALTH, a Delaware limited liability company; and DOES 1 to 100, inclusive | **[28 U.S.C. §§ 1332, 1441, & 1446]** |
| 15 | (Complaint filed: November 20, 2023, Santa Clara County Superior Court, Case No. 23CV426048) |
| 16 | |
| 17  Defendants. | |
| 18 | Trial Date: None Set |

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

CASE NO.

NOTICE OF REMOVAL TO FEDERAL COURT

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF SERENITY SPINDEL AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant SOLACIUM HOLDINGS LLC dba EMBARK BEHAVIORAL HEALTH ("Defendant") removes the above-captioned action from the Superior Court of the State of California, County of Santa Clara, to the United States District Court, Northern District of California, pursuant to 28 U.S.C. sections 1332(d) (Class Action Fairness Act of 2005), 1441(b), and 1446 on the following grounds:

## I.    STATEMENT OF JURISDICTION

1.    This action is removed pursuant to the procedures found in 28 U.S.C. sections 1441 and 1446, and jurisdiction is based on 28 U.S.C. section 1332(d) (Class Action Fairness Act or "CAFA").

2.    This Court has original jurisdiction over this action pursuant to CAFA, which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.    VENUE

3.    This action was filed in the Superior Court for the State of California, County of Santa Clara. For removal purposes, the proper venue is the United States District Court for the Northern District of California pursuant to 28 U.S.C. sections 84(c)(2), 1391, 1441, and 1446.

///

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

2.

CASE NO.

NOTICE OF REMOVAL TO FEDERAL COURT

### III.    PLEADINGS, PROCESS AND ORDERS

4.    On November 20, 2023, Plaintiff Serenity Spindel ("Plaintiff") filed a Class and representative Action under California's Private Attorneys General Act ("PAGA") against Defendant in Santa Clara Superior Court, titled: *Serenity Spindel, on behalf of herself and all others similarly situated, Plaintiffs, vs. Solacium Holdings LLC dba Embark Behavioral Health, a Delaware limited liability company; and DOES 1 to 100, inclusive*, bearing Case No. 23CV426048 (the "Complaint"). The Complaint asserts the following nine (9) causes of action: (1) Violation of Labor Code §§ 1290, 1299, 1304, and California Education Code; (2) Failure to Provide Paid Rest Breaks and Pay Missed Rest Break Premiums (Labor Code §§ 226.7; IWC Wage Order No. 5); (3) Failure to Provide Meal Periods and Pay Missed Meal Period Premiums (Labor Code §§ 226.7, 512, IWC Wage Order No. 5); (4) Failure to Reimburse Business Expenses (Labor Code § 2802); (5) Failure to Pay All Wages Owed in a Timely Manner (Labor Code § 204); (6) Failure to Provide Complete Wage Statements (Labor Code §§ 226 and 226.3); (7) Waiting Time Penalties (Labor Code §§ 201 – 203); (8) PAGA and other Penalties (Labor Code §§ 2698 – 2699.5); and (9) Unfair Competition in Violation Of California Business & Professions Code §17200, *et seq.*

5.    On December 28, 2023, Defendant acknowledged receipt of the Summons, Complaint, Civil Case Cover Sheet, and Civil Lawsuit Notice pursuant to the California Code of Civil Procedure § 415.30. A true and correct copy of the Summons, Complaint, Civil Case Cover Sheet, and Civil Lawsuit Notice served upon Defendant is attached as **Exhibit A** to the Declaration of Chad Greeson in Support of Defendant's Notice of Removal ("Greeson Decl."), filed concurrently herewith. Greeson Decl. ¶ 2, Exh. A.

6.    On January 29, 2024, Defendant filed its Answer in the Superior Court of the State of California, County of Santa Clara. A true and correct copy of Defendant's Answer is attached as **Exhibit B** to Greeson Decl., ¶ 3, Exh. B.

7.    Pursuant to 28 U.S.C. § 1446(d), the attached **Exhibits A** and **B** constitute all process, pleadings and orders served on Defendant or filed or received by Defendant

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

3.

CASE NO.

NOTICE OF REMOVAL TO FEDERAL COURT

in this action. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the Superior Court of the State of California, County of Santa Clara, or served by any party. To Defendant's knowledge, no proceedings related hereto have been heard in the Superior Court of the State of California, County of Santa Clara. Greeson Decl. ¶¶ 4-5.

## IV.    TIMELINESS OF REMOVAL

8.      An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the Defendant within 30 days of service on defendant of the initial pleading. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint). Removal of this action is timely because this Notice of Removal has been filed within 30 days from December 28, 2023, when Defendant was served with the Complaint. 28 U.S.C. § 1446(b). Greeson Decl. ¶ 2.

## V.    NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT

9.      Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, the undersigned is providing written notice of such filing to Mark D. Potter, James M. Treglio, Potter Handy LLP, 100 Pine St., Ste 1250, San Francisco, California; and Sam Karimzadeh, Law Office of Sam Karimzadeh, 1484 Pollard Road #3008, Los Gatos, California 95032, Plaintiff's counsel of record. Greeson Decl. ¶ 6. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Santa Clara. *Id.*

## VI.    CAFA JURISDICTION

10.      CAFA grants United States district courts original jurisdiction over: (a) civil class action lawsuits filed under federal or state law; (b) where the alleged class is comprised of at least 100 individuals; (c) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (d) where the matter's amount

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

4.

CASE NO.

NOTICE OF REMOVAL TO FEDERAL COURT

in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice of Removal.

### A.    Plaintiff Filed A Class Action Under State Law

11.    Plaintiff filed his action as a class action based on alleged violations of California state law. Complaint ¶ 1.

### B.    The Proposed Putative Class Contains At Least 100 Members

12.    28 U.S.C. § 1332(d)(5)(B) states that the provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100."

13.    Plaintiff seeks to represent (a) California residents who are or have been employed by Defendants and/or their predecessor or merged entities in California as hourly, nonexempt employees during the Class Period; and (b) All California residents who are or have been employed by Defendants and/or their predecessor or merged entities in California who, at the time of their work for Defendants, were less than 18 years of age, and who were classified as students and/or clients during the Class Period. Complaint ¶ 7. In Plaintiff's own words, "[t]he potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable." Complaint ¶ 59.

14.    Based on a review of Defendant's records, Defendant employed no less than 100 active non-exempt employees working in California during the putative class period of November 20, 2019, to the present. Declaration of Ryan Penhallegon in Support of Defendant's Removal of Civil Action to Federal Court Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 (hereinafter "Penhallegon Decl.") ¶ 3. As such, and at all relevant times, Defendant's internal records demonstrate that the Company concurrently employed at least 100 putative class members.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

5.

CASE NO.

NOTICE OF REMOVAL TO FEDERAL COURT

**C.    Defendant Is Not A Governmental Entity**

15.    Under 28 U.S.C. § 1332(d)(5)(A), CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

16.    Defendant is a limited liability company, not a state, state official, or other government entity exempt from CAFA. Declaration of Darren Wight in Support of Defendant's Removal of Civil Action to Federal Court Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 (hereinafter "Wight Decl.") ¶ 2.

**D.    There Is Diversity Between At Least One Class Member And One Defendant**

17.    CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes, and not the citizenship of the class members. *Snyder v. Harris*, 394 U.S. 332, 340 (1969). Additionally, for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. *See Strotek Corp. v. Air Trans. Ass'n of Am.*, 300 F.3d 1129, 1130-1131 (9th Cir. 2002). Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states.

18.    For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that person's domicile is the place he resides with the intention to remain). Furthermore, allegations of residency in a state court complaint create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

6.

CASE NO.

NOTICE OF REMOVAL TO FEDERAL COURT

evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (finding a place of residence provides "'prima facie' case of domicile").

19.     Plaintiff resides in California and has specifically alleged that "Plaintiff is a California resident who was employed by Defendants as a residential coach/counselor assigned to Defendants' facility in San Martin, California." Complaint ¶ 6. Defendant has thus established by preponderance of evidence that Plaintiff resides and is domiciled in California, and is, thus, a citizen of California. *See id.*; *Lew*, 797 F.2d at 751; *Smith*, 2008 WL 744709, at *7.

20.     Defendant is not a citizen of California. Section 1332(d)(10) of CAFA provides that, "[f]or purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10); *see Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 699-700 (4th Cir. 2010); *Heckemeyer v. NRT Missouri, LLC*, No. 4:12CV01532 AGF, 2013 WL 2250429, at *5-*6 (E.D. Mo. May 22, 2013) (holding that a limited liability company is properly considered "an unincorporated association" within the meaning of § 1332(d)(10), and thus is deemed to be a citizen of the state both where it has its principal place of business and the state under whose laws it is organized).

21.     Defendant is, and was at the time this action was commenced, organized under the laws of the State of Delaware. Wight Decl. ¶ 3. Defendant maintains its principle place of business in Arizona, which is where Defendant's headquarters are and where Defendant's corporate books are maintained. Defendant's executive and administrative offices are also located in Arizona. *Id.*

22.     The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

7.

CASE NO.

NOTICE OF REMOVAL TO FEDERAL COURT

23.    Accordingly, the named Plaintiff is a citizen of a state (California) different from Defendant (Delaware and Arizona); therefore, diversity exists for the purpose of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

24.    No exceptions apply to CAFA jurisdictions in this case because Defendant is not a citizen of California. 28 U.S.C. § 1332(d)(4)(A)(II)(cc); 28 U.S.C. § 1332(d)(4)(B);

**E.    The Amount In Controversy Exceeds $5,000,000[1]**

25.    The Supreme Court, in *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014), recognized that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554. Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id.* Otherwise, "the amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id.* at 549-50.

26.    "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" the jurisdictional minimum. 28 U.S.C. § 1332(d)(6). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

27.    For purposes of determining whether a defendant has satisfied the amount in controversy requirement, the Court must presume that the Plaintiff will prevail on his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F. 3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "'plaintiff prevails

---

[1] The alleged damages calculations contained herein are for purposes of removal only. Defendant denies that Plaintiff or the putative class are entitled to any relief whatsoever and expressly reserves the right to challenge Plaintiff's alleged damages in this case.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

CASE NO.
NOTICE OF REMOVAL TO FEDERAL COURT

on liability'") (other internal citation omitted)). The ultimate inquiry is what amount is put "in controversy" by plaintiff's complaint, not what defendant might actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v. Manheim Inv., Inc.* 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants are still free to challenge the actual amount of damages at trial because they are only estimating the amount in controversy).

28.    Defendant denies the validity and merit of Plaintiff's claims, the legal theories they are based upon, and Plaintiff's request for monetary and other relief. For purposes of removal, however, and without conceding that Plaintiff or the putative class is entitled to any damages or penalties whatsoever, it is apparent that the aggregated claims of the putative class establishes, by a preponderance of evidence, that the amount in controversy exceeds the CAFA jurisdictional minimum of $5,000,000.

29.    Plaintiff asserts nine causes of action on behalf of a class of all current and former non-exempt employees of Defendant in the State of California. *See* Complaint.

30.    Here, Defendant easily satisfies the $5 million jurisdictional threshold for removal to federal court under CAFA.

> **a.    There Is $5,450,000 In Controversy Based On Plaintiff's Meal Period And Rest Break Claims.**

31.    Plaintiff alleges in his Second and Third Causes of Action on behalf of the putative class that "[a]s a result of Defendants' on-duty rest period requirement, Defendants failed to adopt rest break policies consistent with California law applicable to Plaintiff and the Class. Defendants did not maintain a policy authorizing their employees to take paid rest breaks amounting to 10 minutes of time for each four hours of work or major fraction thereof on their shifts in California. While there were times when Plaintiff and the Class were allowed to take their rest periods, these were still done on-duty" and that "as a result of Defendants' requirement of on-duty meal periods, Defendants never authorized Plaintiff and the Class to take their timely 30-minute duty-

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

9.                                        CASE NO.

NOTICE OF REMOVAL TO FEDERAL COURT

1  free meal breaks, on or before the fifth hours of time shifts, and Defendants never paid

2  any missed meal break premiums to its employees, including the Plaintiff and the Class.

3  While there were times when Plaintiff and the Class were allowed to take their meal

4  periods, these were still done on-duty because there was no one to relieve them from

5  their duties…" Complaint ¶¶ 24, 43. As such, Plaintiff alleges a 100 percent violation

6  rate (*i.e.*, that Defendant would be liable for a meal period violation for each shift that

7  was more than 5 hours; and that Defendant would be liable for a rest period violation

8  for each shift that was more than 4 hours) because of Defendant's uniform alleged

9  practice regarding meal and rest breaks. *See id.*; *see also Duberry v. J. Crew Group*,

10  Inc., Case No. 2:14-cv-08810-SVW-MRW, 2015 U.S. Dist. LEXIS 99171, * 7 (C.D.

11  Cal. Jul. 28, 2015) (100% violation rate may be based on allegations of a uniform

12  noncompliant practice).

13    32.    If an employer fails to provide an employee a meal or a rest period in

14  accordance with California law, the employer must pay one additional hour of pay at

15  the employee's regular rate of pay for each workday that the meal or rest period are not

16  provided. Cal. Labor Code, § 226.7.

17    33.    Plaintiff's cause of action for violating the UCL extends the statute of

18  limitations on Plaintiff's meal and rest break causes of action to four years. *See* Cal.

19  Bus. & Prof. Code § 17208; *Cortez v. Purolater Air Filtration Products Co.*, 23 Cal.4th

20  163, 178-79 (2000) (four-year statute of limitations for restitution of wages under the

21  UCL).

22    34.    From November 20, 2019, through January 29, 2024 (the deadline to file

23  the removal), there were approximately 218 workweeks. Based on Defendant's review

24  of records, Defendant employed 100 or more active non-exempt employees at all times

25  in California during the putative class period of November 20, 2019, to the date present.

26  Penhallegon Decl. ¶ 3. The average hourly rate earned by the non-exempt employees

27  who worked in Defendant's California locations exceeds $25.00 per hour. *Id.* at ¶ 4. *See*

28  *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1150 (C.D. Cal. July 19,

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

10.

CASE NO.

NOTICE OF REMOVAL TO FEDERAL COURT

2010) (holding that it is "preferable for defendants to calculate the average hourly wage based on the average wage of all class members.").

35.     Therefore, the potential liability for Plaintiff's meal break claim for the statutory period (November 20, 2019 through January 29, 2024) amounts to $2,725,000 (This amount is calculated as follows: 100 class members x 218 workweeks x 5 meal period violations per week x $25.00 average meal period penalty per violation.)

36.     Furthermore, the potential liability for Plaintiff's rest break claim for the statutory period (November 20, 2019 through January 29, 2024) amounts to $2,725,000 (This amount is calculated as follows: 100 class members x 218 workweeks x 5 rest period violations x $25.00 average rest period penalty per violation)

   **b. There Is Over $797,500 In Controversy Based On Plaintiff's Failure To Timely Pay All Wages Claim.**

37.     Plaintiff alleges in his Fifth Cause of Action on behalf of the putative class that "as a result of Defendants failing to pay for…meal period premiums, and rest period premiums, Defendants failed to pay Plaintiff and the Class at least twice per month in violation of Labor Code § 204." Complaint ¶ 46.

38.     California Labor Code section 210 provides for $100 for initial violation and $200 for each subsequent violation plus 25% of the amount unlawfully withheld. The statutory period for recovery under California Labor Code section 204 is one year. Cal. Civ. Code §340(a).

39.     As noted above, Plaintiff alleges at least five meal and five rest period violations per employee per workweek (10 meal and rest period violations per week x $25.00 per hour = $250 x .25 = $62.50 amount unlawfully withheld per employee). There are approximately 31 pay periods between November 20, 2022, and January 29, 2024. Based on Plaintiff's allegations, Plaintiff seeks a total of $797,500 in penalties for failure to timely pay wages to class member ($100 x 100 employees = $10,000 (initial violation); ($200 + $62.50) x 100 employees x 30 subsequent pay periods (subsequent violation)).

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

**c.  The Ninth Circuit's Benchmark Of 25 Percent Of The Amount Recoverable For An Award Of Attorneys' Fees In Class Actions Requires $1,561,875 Million To Be Added To The Amount In Controversy.**

43.  Plaintiff seeks to recover attorney's fees by way of his complaint. *See* Prayer for Relief. It is well settled that, in determining whether a complaint meets the amount in controversy requirement, a court should consider the aggregate value of claims as well as attorney's fees. *See, e.g., Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238 (1943); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorneys' fees may be taken into account to determine jurisdictional amounts). In fact, the Ninth Circuit has an established benchmark of 25 percent of the amount recoverable for an award of attorneys' fees in class actions. *See Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees"); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (same). This 25 percent figure has been repeatedly relied upon by the courts to determine the amount in controversy for removal purposes. *Altamirano v. Shaw Indus., Inc.*, No. C-13-0939 EMC, 2013 WL 2950600, at *13 (N.D. Cal. June 14, 2013) (including 25 percent attorneys' fees to increase the amount in controversy to above $5 million CAFA threshold); *Giannini v. Nw. Mut. Life Ins. Co.*, No. C 12-77 CW, 2012 WL 1535196, at *4 (N.D. Cal. Apr. 30, 2012) (same). In California, where wage and hour class actions have settled prior to trial for millions of dollars, it is not uncommon for an attorneys' fee award to be 25 percent to 30 percent of the settlement and, thus, is approximately $1.6 million.[2]

44.  Furthermore, in affirmatively ruling that attorney's fees "may be included

---

[2] *See Abasi v. HCA, the Healthcare Co. Inc.*, C.D. Cal. No. CV 03-7606 (May 9, 2005) (approving $4.75 million settlement for claims of unpaid overtime, meal and rest break periods; attorney's fee award totaling over $1.2 million (25 percent)); *Burns v. Merrill Lynch*, N.D. Cal. No. 3:04-cv-04135 (August 2005) (approving $37 million settlement for claims of failure to pay overtime; attorneys' fees of $9.25 million (25 percent)); *Coldiron v. Pizza Hut-Yum! Brands, Inc.*, C.D. Cal. No. 03-5865 (June 2006) (approving $12.5 million settlement for alleged improperly classified restaurant managers as exempt from overtime with attorneys' fees of $3.125 million (25 percent)); *Mousai v. E-Loan, Inc.*, N.D. Cal. No. 3:06-cv-01993-SI (January 12, 2007) (preliminary approval of settlement of $13.6 million for claims of unpaid overtime, and meal and rest break violations; attorneys' fees award estimated at $3.4 million (25%)).

CASE NO.
NOTICE OF REMOVAL TO FEDERAL COURT

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

in the amount in controversy," (*Galt G/S*, 142 F.3d at 1155), the Ninth Circuit "must have anticipated that district courts would project fees beyond removal." *Simmons*, 209 F.Supp.2d at 1034-35. Just as the "court determines the amount in controversy based on the damages that can reasonably be anticipated at the time of removal," it also must "measure . . . fees . . . that can reasonably be anticipated at the time of removal, not merely those already incurred." *Id.*; *see also Cagle*, 2014 WL 651923, at *10-11 (holding that an estimate of the amount of attorney hours through trial was a reasonable estimate for purposes of determining amount in controversy); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (holding that for determining amount in controversy, attorneys' fees should be assessed through trial, and finding amount in controversy met in part by reasonable estimate of fees).

45.    Therefore, the Court may consider a 25 percent attorney's fees award, or $1,561,875, for purposes of calculating the amount in controversy.

46.    Based on Plaintiff's allegations, the amount in controversy for meal and rest break premiums and failure to timely pay wages is $6,247,500. This subtotal exceeds $5,000,000 excluding 25 percent for attorneys' fees. However, including attorneys' fees increases the amount in controversy to $7,809,375.

F.    **Summary**

47.    Removal of this action is therefore proper, as the aggregate value of Plaintiff's class causes of action for meal and rest break premiums, failure to timely pay wages and wage statement penalties are well in excess of the CAFA jurisdictional requirement of $5 million. *See* 28 U.S.C. § 1332(d)(2):

| Plaintiff's Alleged Claims | Amount in Controversy Conservative Estimate |
|---|---|
| Meal Break Premiums | $2,725,000 |
| Rest Break Premiums | $2,725,000 |
| Failure to Timely Pay Wages | $797,500 |
| **TOTAL (w/o attorney's fees)** | **$6,247,500** |

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

13.

CASE NO.

NOTICE OF REMOVAL TO FEDERAL COURT

48.    Accordingly, although Defendant denies Plaintiff's claims as alleged in the Complaint, the jurisdictional minimum is satisfied for purposes of determining the amount in controversy, as it exceeds the $5,000,000 threshold required under CAFA. *See* 28 U.S.C. § 1332(d)(2).

## VII.    CONCLUSION

WHEREFORE, Defendant hereby removes this action from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California.

DATED: January 29, 2024

/s/ CHAD D. GREESON
CHAD D. GREESON
SHIRLEY SHU
HELEN BRAGINSKY
LITTLER MENDELSON P.C.

Attorneys for Defendant
SOLACIUM HOLDINGS LLC dba
EMBARK BEHAVIORAL HEALTH

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

14.

CASE NO.

NOTICE OF REMOVAL TO FEDERAL COURT