United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERINITY SPINDEL,<br>Plaintiff,<br>v.<br>SOLACIUM HOLDINGS LLC,<br>Defendant. | Case No. 24-cv-00552-EKL<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. Nos. 55, 58 |

After many months spent finalizing a class action settlement agreement, *see* ECF Nos. 38, 40, the parties ultimately filed a motion for preliminary approval of their settlement on March 27, 2026, ECF No. 47. The motion attached the fully executed settlement agreement, which is signed by all parties and their counsel. Settlement Agreement at 24, ECF No. 43-2; *see also* Treglio Decl. ¶ 15, ECF No. 43-1 ("Finally, the parties were able to execute the long form Settlement Agreement now before the Court for preliminary approval."). The Court carefully reviewed the settlement agreement, granted the motion for preliminary approval, and set a schedule for class notice and final approval. ECF No. 55. The Court also ordered Defendants to satisfy the notice requirement of the Class Action Fairness Act ("CAFA"). ECF No. 56.

On July 20, 2026, the parties filed a puzzling status report, which states that the parties "continue to negotiate material settlement terms," and thus "the Parties have not yet finalized the settlement agreement or served the CAFA Notice." ECF No. 58. The only purportedly open term the parties identified is "the recipient and disposition of residual settlement funds." *Id.* But the fully executed settlement agreement, which the Court preliminarily approved, already addresses this issue. It provides that the "proceeds of any unclaimed funds . . . will be redistributed, if feasible." Settlement Agreement ¶ 58. "If the costs of redistribution are more than the amount to

be redistributed," the unclaimed funds may be distributed to a "suitable neutral *cy pres* beneficiary," which is subject to approval by the Court. *Id.* If the Court "does not approve a *cy pres* [payment], the uncashed funds shall be distributed to the Controller of the State of California to be held . . . for the benefit of" class members who did not cash their settlement checks. *Id.* Under no circumstances will any portion of the settlement fund revert to Defendant. *Id.* ¶¶ 14, 17-18, 42. Therefore, the settlement agreement already provides a comprehensive process for disposition of residual settlement funds; there is nothing left to "negotiate."[1]

Accordingly, the parties shall file a joint status report explaining how they wish to proceed by July 28, 2026. The Court expects the parties to proceed in accordance with the preliminary approval order. ECF No. 55. However, if the parties maintain that the settlement agreement is still subject to negotiation, the Court will rescind its preliminary approval order and direct Plaintiff to file a new motion so the Court may consider any changes to the settlement agreement. In that event, the Court will also order the parties to show cause why sanctions should not issue, given that the parties represented to the Court in signed filings that the settlement agreement was final. *See* Fed. R. Civ. P. 11(b).

**IT IS SO ORDERED.**

Dated: July 21, 2026

Eumi K. Lee
United States District Judge

[1] To the extent the parties continue to discuss a potential *cy pres* recipient, that issue is not material. There is no indication that any portion of the settlement fund will remain unclaimed after distribution to class members. Moreover, regardless of what the parties may propose, any *cy pres* distribution is subject to the Court's approval. Settlement Agreement ¶ 58; *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, 2013 WL 1365900, at *5 (N.D. Cal. Apr. 3, 2013). If unclaimed funds cannot be distributed to class members, and if the parties fail to propose a suitable *cy pres* recipient, the Court will order that the unclaimed funds be distributed to the Controller of the State of California as provided in the settlement agreement.